## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

ADRIAN PEREZ,

        Plaintiff,

v.                              Case No.  5:23-cv-314-TKW-MJF

ROBERT LEE CAMPBELL,

        Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff has filed a second amended civil rights complaint. Doc. 22. Defendant moves to dismiss the complaint in part, arguing that Plaintiff failed to exhaust his administrative remedies concerning his claim that Defendant violated the First Amendment by retaliating against Plaintiff. Doc. 51. Plaintiff opposes dismissal. Doc. 55. The undersigned recommends that the District Court grant Defendant's motion to dismiss.

### I.    PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") confined at the Dade Correctional Institution. Doc. 22. Plaintiff is suing a prison official at the Northwest Florida Reception Center, Sergeant Robert Lee Campbell. *Id.* at 2.

Plaintiff alleges that on January 10-11, 2023, his dormitory was on a 72-hour lockdown. *Id*. at 5. Just after midnight on January 11, 2023, Defendant came to Plaintiff's cell and told Plaintiff: "You will be cleaning showers tonight for snitching and writing up officers." *Id*. at 6. Plaintiff responded, "No, I won't and I'll write you up if you try." *Id*. Defendant left Plaintiff's cell, released other inmates from their cells, and returned to Plaintiff's cell. Defendant stated: "You want to run your mouth, I have something for snitches like you." *Id*. at 7. Defendant then yelled, "Someone remove this grievance writing snitch from my dorm;" unlocked Plaintiff's cell door; and kicked the door open. *Id*. A short time later, an inmate entered Plaintiff's cell and stabbed Plaintiff several times. *Id*. at 7-8.

Plaintiff claims that Defendant's conduct violated the First and Eighth Amendments. *Id*. at 10-12. Plaintiff is seeking damages. *Id*. at 12.

## II.    DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's First-Amendment retaliation claim because Plaintiff did not include that claim in his administrative grievances related to the inmate assault. Instead, Plaintiff complained only that Defendant's opening the cell doors during

a lockdown manifested deliberate indifference to Plaintiff's safety. Doc. 51.

Plaintiff argues that he satisfied the exhaustion requirement because (1) his complaint in this lawsuit sufficiently apprised Defendant of the First-Amendment claim; and (2) Plaintiff's grievances exhausted both his First-Amendment and Eighth-Amendment claims. Doc. 55 at 1-4. Alternatively, Plaintiff argues that the grievance process was not available because of Defendant's threats the night of the incident. *Id.* at 4-6.

### III.   PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

### A.   The PLRA's Exhaustion Requirement

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a mandatory pre-condition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001) ("The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983

may be entertained."); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).

The FDC provides a grievance procedure for inmates to exhaust their administrative remedies. Relevant here, the FDC's administrative remedy program requires an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance at the institutional level with the Warden's office, and (3) submit an appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the FDC's Central Office). *See* Fla. Admin. Code rr. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).

## B.  The Framework for Evaluating an Exhaustion Defense

A failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit outlined the procedure district courts must follow when presented with a motion to dismiss for failure to exhaust administrative remedies under the PLRA. The defense of failure to exhaust should be

treated as a matter in abatement. *Id.* at 1374. "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner*, 541 F.3d at 1082 (quoting *Bryant*, 530 F.3d at 1374).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner*, 541 F.3d at 1082. First, the court looks to the factual allegations in the defendant's motion, and those in the plaintiff's response. *See id.* at 1082.  If they conflict, the court accepts the plaintiff's version of the facts as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082; *see also Bryant*, 530 F.3d at 1373-74.

If the complaint is not subject to dismissal at the first step—where the plaintiff's allegations are assumed to be true—"the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (citing *Bryant*, 530 F.3d at 1373-74, 1376). Upon making findings on the disputed facts, the court then decides whether, under those findings, the plaintiff has exhausted his available administrative remedies. *See, e.g., Singleton v. Dep't of*

*Corr.*, 323 F. App'x 783, 785 (11th Cir. 2009) ("A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record." (citing *Bryant*, 530 F.3d at 1376)).

## C.   Application of the *Turner* Procedure

### 1.   *The First Step of the Turner Procedure*

The factual allegations of Defendant's motion to dismiss do not conflict with those in Plaintiff's response—at least with regard to the steps Plaintiff took to exhaust administrative remedies. Defendant asserts, and Plaintiff does not dispute, that Plaintiff filed an informal grievance, a formal grievance, and an appeal to the Office of the Secretary. Doc. 51 at 7-11; Doc. 55 at 3. Defendant has filed copies of these grievances. Doc. 51-1; Doc. 51-2; Doc. 51-3. Plaintiff does not allege that he filed any other grievances related to this incident. Doc. 55.

Defendant contends that Plaintiff's grievances alleged only that Defendant was deliberately indifferent to Plaintiff's safety by opening the cell doors on January 11, 2023. The grievances did not allege that Defendant's conduct was in retaliation for Plaintiff engaging in protected

speech such as filing grievances or lawsuits. Although Plaintiff's informal grievance mentioned Defendant's alleged comment, "you like to run your mouth, well I have something for you" as Defendant unlocked Plaintiff's cell door, Plaintiff's informal grievance did not suggest that Defendant was referring to Plaintiff having engaged in protected speech. Instead, the gist of Plaintiff's informal grievance was that Plaintiff had been targeted by his assailant and that Defendant was deliberately indifferent to Plaintiff's safety. Doc. 51-1.

Defendant also points out that Plaintiff's subsequent formal grievance and appeal to the Secretary completely abandoned the allegation that Defendant referenced Plaintiff having "run [his] mouth." *See* Doc. 51-2; Doc. 51-3. The formal grievance and appeal centered exclusively on Defendant's deliberate indifference to Plaintiff's safety.

Plaintiff's response asserts:

Plaintiff exhausted his administrative remedies as to the 8th Ammendment [sic] violations and 1st Ammendment [sic] claims because he did a informal, formal, and appeal grievances even though he may not have cited specific 1st Amendment grounds on grievances, he still asserted them in suit, so exhaustion is sufficient.

Doc. 55 at 3.

Plaintiff appears to concede that the *grievances themselves* did not alert prison officials to a retaliation problem, *i.e.*, that Defendant unlocked Plaintiff's cell door to retaliate against Plaintiff for engaging in protected speech. In Plaintiff's view, the exhaustion requirement is satisfied because Plaintiff's complaint *in this lawsuit* sufficiently put the FDC on notice of the retaliation issue. Doc. 55 at 1, 3.

Plaintiff's interpretation of the exhaustion requirement—that § 1997e(a) is satisfied merely by including the claim in a lawsuit—would "turn that provision into a largely useless appendage" and "make the PLRA exhaustion scheme wholly ineffective." *Woodford*, 548 U.S. at 93, 95. A prison grievance system is separate and distinct from the legal system. The Court recognized in *Woodford*:

> The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. The PLRA also was intended to reduce the quantity and improve the quality of prisoner suits.

548 U.S. at 93-94 (internal quotation marks and citations omitted) (footnotes omitted). Thus, "a prisoner must complete the administrative review process in accordance with applicable procedural rules, including

deadlines, *as a precondition* to bringing suit in federal court." *Id.* at 94. (emphasis added).

Given Plaintiff's concession that his administrative grievances did not include his claim of First-Amendment retaliation, this claim may be dismissed at the first step of the *Turner* procedure.[1]

### 2.    *The Second Step of the Turner Procedure*

Even if the District Court were to construe Plaintiff's response as raising a factual dispute about whether Plaintiff's grievances alerted prison officials to Plaintiff's allegation of retaliation, Defendant still is entitled to dismissal. In resolving this factual dispute, the court must bear in mind that the purpose of the PLRA's exhaustion requirement "is to put [administrative authority] on notice of all of the issues in contention and allow the [authority] an opportunity to investigate those issues. *Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004) (citations omitted); *Harvard v. Inch*, 411 F. Supp. 3d 1220, 1244 (N.D. Fla. 2019).

---

[1] Plaintiff's concession is supported by the record of Plaintiff's grievances, as detailed later in this report and recommendation. *See infra* Part III.C.2.

The parties have had sufficient opportunity to develop a record. The record contains copies of: (1) Plaintiff's informal grievance, Doc. 51-1; (2) Plaintiff's formal grievance, Doc. 51-2; and (3) Plaintiff's appeal to the Office of the Secretary, Doc. 51-3.

Plaintiff's informal grievance arguably alerted prison officials to both issues: deliberate indifference to Plaintiff's safety, and retaliation for Plaintiff's speech. Concerning retaliation, Plaintiff alleged that despite the dormitory being on lockdown, "Sgt. Campbell opened my cell door with a key . . . and Sgt. Campbell threatened me saying 'you like to run your mouth, well I have something for you['] and proceed[ed] to open my door, then left." Doc. 51-1 at 1. Shortly thereafter, a gang member entered Plaintiff's cell and stabbed Plaintiff. *Id.* Plaintiff's informal grievance further stated, "I am enduring severe suffering due to the deliberate indifference of Sgt. Campbell towards my safety when he had the knowledge that all inmates doors were to be secured and especially when we were on lockdown due to security reasons for 72 hours." *Id.* at 2.

Plaintiff's informal grievance was denied by a staff member at the prison (Captain Moore):

> Your Grievance has been received & reviewed & I offer the following response. You are already under Imposed Protective Management due to injuries you sustained. All involved inmates were placed in Confinement. Your door was opened to clean due to you being an assigned houseman. You are not at a place to request discipline of staff. All violations of procedure were addressed by Immediate Supervisor. Based on this information and the issues brought about in this grievance already being addressed, your grievance is denied.

Doc. 51-1. The captain's response also advised Plaintiff: "If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C." Doc. 51-1.

Plaintiff filed a formal grievance, but Plaintiff removed his allegation about Defendant's threat. Doc. 51-2. Nothing in Plaintiff's formal grievance suggested that Defendant may have been retaliating against Plaintiff for engaging in protected speech. Instead, Plaintiff's formal grievance alleged that when Defendant opened Plaintiff's cell door, Defendant told Plaintiff "that it was for [Plaintiff] to shower though [Plaintiff] never asked him for a shower nor requested to clean." Doc. 51-2. Plaintiff attributed Defendant's conduct to "deliberate indifference to his job [which] resulted in his deliberate indifference to my saf[et]y, which resulted in me getting stabbed." *Id*. Plaintiff made no mention of having engaged in protected speech or of Defendant referencing

Plaintiff's speech. Likewise, Plaintiff's administrative appeal was silent about Defendant's conduct manifesting retaliation for speech. Doc. 51-3.

Plaintiff's removal of any reference or allusion to retaliation (such as Defendant's threat) in his formal grievance and appeal deprived the FDC of "a fair opportunity" to consider and correct the retaliation problem Plaintiff now seeks to remedy in this lawsuit. *See Woodford*, 548 U.S. at 89-91 (proper exhaustion means that an inmate must "us[e] all steps" in the administrative process and comply with all "deadlines and other critical procedural rules," before filing a complaint about those prison conditions in federal court) (citation omitted). Plaintiff, therefore, failed to properly exhaust his administrative remedies regarding his retaliation claim. *Booth v. Allen*, 758 F. App'x 899, 901 (11th Cir. 2019) (prisoner failed to exhaust claim that prison officials intentionally contaminated his clothing with parasites; prisoner did not include that allegation in his grievance about other contemporaneous misconduct by same officials, nor did prisoner file separate grievance about clothing contamination); *see also, e.g., Klug v English*, No. 5:15cv237/MP/CJK, 2016 WL 6396018 (N.D. Fla. Aug. 5, 2016), *report and recommendation adopted*, 2016 WL 6435938 (N.D. Fla. Oct. 27, 2016) (prisoner

procedurally defaulted First-Amendment claim because he took only the first step in the grievance process and abandoned the issue in his subsequent grievance appeals); *Souter v Ellis*, No. 3:10cv65/MCR/EMT, 2011 WL 3021214 (N.D. Fla. June 15, 2011), *report and recommendation adopted*, 2011 WL 2976870 (N.D. Fla. July 22, 2011) (same where plaintiff raised issue in formal grievance but abandoned it at grievance-appeal stage).

## D.   <u>An Administrative Remedy Was Available to Plaintiff</u>

Plaintiff attempts to avoid the consequences of his failure to exhaust his administrative remedies regarding his First-Amendment retaliation claim. Plaintiff argues that the grievance process was unavailable to address his allegation of retaliation because Defendant threatened Plaintiff the night of the incident. Doc. 55 at 1, 4-6 (citing *Ross v. Blake*, 578 U.S. 632, 644 (2016)). Specifically, "defend[a]nt called plaintiff a snitch for being a writ-writer (running your mouth) and threatened plaintiff and open[ed] plaintiff['s] and attacker['s] cell doors with intent to silence plaintiff and sever[e]ly hurt him." Doc. 55 at 5.

A prisoner need only exhaust administrative remedies that are available, or in other words, "capable of use for the accomplishment of

[its] purpose." *Turner*, 541 F.3d at 1084 (quoting *Goebert v. Lee County*, 510 F.3d 1312, 1323 (11th Cir. 2007)); *Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th 1299, 1307 (11th Cir. 2022). The burden is on the defendant to show that an administrative remedy is available, but "once that burden has been met, the burden of going forward shifts to the plaintiff, who . . . must demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him." *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020) (internal quotation marks omitted).

Administrative remedies are unavailable when, for example, prison officials use "machination, misrepresentation, or intimidation" to prevent prisoners from using the process. *Ross*, 578 U.S. at 643-44. Two conditions must be satisfied to render an administrative remedy unavailable as a result of a prison official's threats. *Turner*, 541 F.3d at 1085. First, the threat actually must have deterred the inmate from submitting a grievance or using the administrative process, and second, the threat must be "one that would deter a reasonable inmate of ordinary firmness and fortitude" from submitting a grievance or using whatever remaining part of the process the inmate did not exhaust. *Id*.

Defendant has demonstrated that an administrative remedy was available. *See* Fla. Admin. Code rr. 33-103.005 to 33-103.007. Thus, the burden shifts to Plaintiff to demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him. Plaintiff fails to meet his burden.

Plaintiff's own actions demonstrate that Defendant's alleged threats the night of the incident did not render the grievance process unavailable to address Plaintiff's allegation of retaliation. Indeed, Plaintiff filed an informal grievance claiming that Defendant's opening the cell door was motived by retaliation *and* was deliberately indifferent to Plaintiff's safety. Plaintiff then continued to grieve his claim of deliberate indifference in his formal grievance and appeal. Plaintiff's continued use of the grievance process demonstrates that it remained available to Plaintiff. Plaintiff fails to explain why a formal grievance and appeal were *available* to address Plaintiff's allegations of deliberate-indifference, but *not available* to address his allegation of retaliation.

Because Plaintiff's allegations do not support a plausible inference that the grievance procedure was subjectively and objectively unavailable to him, his First-Amendment retaliation claim must be

dismissed. *See Turner*, 541 F.3d at 1085; *see also, e.g., Harris v. Sec'y, Fla. Dep't of Corr.*, No. 23-12934, 2024 WL 4678112, at *2-4 (11th Cir. Nov. 5, 2024) (dismissing prisoner's civil action because he failed to satisfy § 1997e(e)'s exhaustion requirement and failed to prove that administrative remedies were unavailable because of prison official's threats); *Williams v. Barrow*, 559 F. App'x 979, 987-88 (11th Cir. 2014) (rejecting prisoner's allegation that administrative remedies were unavailable because prison staff threatened retaliation; undisputed record of prisoner's grievances established that prisoner availed himself of grievance process); *Coleman v. Bowden*, 797 F. App'x 422, 428-29 (11th Cir. 2019) (same).

## IV. CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **GRANT** Defendant's motion to dismiss Plaintiff's First-Amendment retaliation claim, Doc. 51.

2.    **DISMISS** Plaintiff's First-Amendment retaliation claim for failure to exhaust available administrative remedies.

3.   **RETURN** this case to the undersigned for further pretrial proceedings on Plaintiff's Eighth-Amendment deliberate-indifference claim.

At Panama City, Florida, this <u>14th</u> day of May, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**